23-7269-cv
Hart v. County of Suffolk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

Sydney Hart,

> *Plaintiff-Appellant*,

> v.                                                          23-7269

Suffolk County, Kellie Burghardt, Kenneth Kopczynski, Jamie Rice, Maxwell Edwards, Timothy Cable,

> *Defendants-Appellees*,

**County of Suffolk, Suffolk County Sheriff's Office, Suffolk County Police Department, Michael Alfano, James McQuade, Riverhead Correctional Facility, Corrections Officer Patricia Burkhardt, in her official and individual capacity an employee of the Riverhead Correctional Facility, Riverhead Correctional Facility Employees John Does #1 through 6, the names "John Does" being fictitious as the true names are not known to plaintiff, in their official and individual capacities as employees of the Riverhead Correctional Facility, John Does Numbered 1–6,**

*Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**          SYDNEY S. HART, PRO SE, MYRTLE BEACH, SC.

**FOR DEFENDANTS-APPELLEES:**          ANNE CATHERINE LEAHEY, ASSISTANT COUNTY ATTORNEY, *FOR* CHRISTOPHER J. CLAYTON, SUFFOLK COUNTY ATTORNEY, HAUPPAUGE, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lee G. Dunst, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 7, 2023 judgment of the district court is **AFFIRMED**.

Sydney Hart, pro se, appeals from the district court's judgment that the defendants were not liable. Hart, through counsel, sued Suffolk County and various Suffolk County correctional officers, alleging excessive force under 42 U.S.C. § 1983, and assault, battery, and vicarious liability claims under New York state law. The claims proceeded to a bench trial. The district court concluded that Hart failed to meet her burden of proving her claims by a preponderance of the evidence. *Hart v. Suffolk Cnty.*, No. 17-CV-05067, 2023 WL 5720075 (E.D.N.Y. Sept. 5, 2023). On appeal, Hart challenges the district court's credibility assessments following the bench trial. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"When reviewing a judgment following a bench trial, we review a district court's findings of fact for clear error and its conclusions of law de novo." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016). "Under the clearly erroneous standard, 'the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.'" *Id.* (quoting Fed. R. Civ.

3

P. 52(a)(6)).   "We are not allowed to second-guess the court's credibility assessments, and [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."   *Id.* (quotation marks omitted, alteration in original).  We may reverse a credibility determination upon a "'definite and firm conviction' that the district court committed clear error in crediting the testimony."   *Doe v. Menefee*, 391 F.3d 147, 165 (2d Cir. 2004) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

We affirm the judgment.   The district court's determination that Hart's testimony was not credible in significant respects was not clear error.  The district court identified ample support for its assessment, explaining that the medical records and testimony about her injuries, as well as the available video evidence, were inconsistent with Hart's description of the alleged assault.

The district court's contrasting assessment, that the individual defendants' testimony was largely credible, also does not amount to clear error.  As the district court acknowledged, there were potential sources of bias, and some portions of Defendant Burghardt's testimony were less credible.  However, the trier of fact is entitled "to believe some parts and disbelieve other parts of the testimony of any given witness."  *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012) (quotation

4

marks omitted).  Moreover, in "in light of the evidence in the record as a whole," the district court's credibility findings "can be reconciled with other evidence[.]" *Doe*, 391 F.3d at 164.  And the court's credibility determinations were not "founded on factual inferences that the evidence did not permit."  *Id.*

In sum, Hart argues that the district court should have credited her version of events, and not the defendants' testimony, but the record does not support a "'definite and firm conviction' that the district court committed clear error in crediting" the defendants' testimony over Hart's.  *See id.* at 165 (quoting *Anderson*, 470 U.S. at 573).

\* \* \*

We have considered Hart's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5